IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| EDSON GARDNER, COLLEEN GARDNER, and LYNDA M. KOZLOWICZ, Petitioners, v. UINTAH COUNTY, UINTAH COUNTY ATTORNEY, and JOANN STRINGHAM, Respondents. | Case No. 2:10-CV-1140-SA  **MEMORANDUM DECISION AND ORDER**  Magistrate Judge Samuel Alba |

Before the court is a motion to quash service and to dismiss filed by Respondents Uintah County, Uintah County Attorney, and Joann Stringham. (Doc. 23.) Respondents argue service was ineffective and that this court lacks jurisdiction. Having reviewed the parties' pleadings and having heard oral arguments, the court dismisses this case for lack of subject matter jurisdiction.[1]

### BACKGROUND

This case arises out of a dispute with Uintah County over a road. (Doc. 1, at 3.) Petitioner Colleen Gardner owns land within the boundaries of the Uintah and Ouray Indian Reservation. (*Id.*; Doc. 40, Official Transcript of November 9, 2011 Hearing ("Tr. __") 9.) Uintah County alleges that Ms.

---

[1] The court does not address Respondents' motion to quash service because the court dismisses this case for lack of jurisdiction.

Gardner's land has a Uintah County Class 1-B Gravel Road running through it, which roadway is used by her neighbors to access their homes. (Doc. 1, at 12.) Petitioners want to restrict the neighbors' use of that road by erecting a gate across the roadway. (*Id.* at 3-4, 12.) Petitioners brought an action in the Ute Tribal Court challenging Uintah County's law enforcement authority over that roadway. On October 4, 2010, the Ute Tribal Court ruled in Uintah County's favor. (*Id.* at 12-14.)

Petitioners then brought the action in this court on November 17, 2010, by filing a Petition for Writ of Habeas Corpus pursuant to 25 U.S.C. § 1303, in which they have renewed their attack on Uintah County's governmental authority over the road. (Doc. 1.) The parties consented to magistrate judge jurisdiction in August 2011. (Doc. 19.) On August 19, 2011, Respondents filed their motion to quash service and to dismiss. (Doc. 23.) On November 9, 2011, the court held a hearing on all outstanding motions in the case, including the motion to quash and to dismiss. (Docs. 40, 42.)

## **ANALYSIS**

Petitioners' action is brought as a Petition for Writ of Habeas Corpus pursuant to 25 U.S.C. § 1303. (Doc. 1, at 1; Tr. 7-8.) Section 1303 is part of the Indian Civil Rights Act and makes habeas corpus "available to any person, in a court of the United States, to test the legality of his *detention* by order of an Indian tribe." 25 U.S.C. § 1303 (emphasis added); *see also Dry v. CFR Court of Indian Offenses for Choctaw Nation*, 168 F.3d 1207, 1208 n.1 (10th Cir. 1999). The Tenth Circuit has held that Section 1303's "detention" language is analogous to the "in custody" requirement in 28 U.S.C. § 2241. *See Walton v. Tesuque Pueblo*, 443 F.3d 1274, 1279 & 1279 n.1 (10th Cir. 2006); *Dry*, 168 F.3d at 1208 n.1 (citing *Poodry v. Tonawanda Band of Seneca Indians*, 85 F.3d 874, 890-93 (2d Cir.), *cert. denied*, 519 U.S. 1041 (1996)). Therefore, Petitioners must meet the same requirement to show "detention" as that which must be met under 28 U.S.C. § 2241 to show someone is "in custody." In other words, Petitioners must show that they are being restrained or face a severe threat of future restraint for the

court to have subject matter jurisdiction. *See Foster v. Booher*, 296 F.3d 947, 949-51 (10th Cir. 2002). Without making that showing, the court lacks jurisdiction under either 25 U.S.C. § 1303 or 28 U.S.C. § 2241. *See Foster*, 296 F.3d at 949 (explaining that the "in custody" requirement "is jurisdictional").

Petitioners have not alleged the requisite restraint or potential restraint upon their liberty to vest this court with habeas corpus jurisdiction. *See Walton*, 443 F.3d at 1279 (loss of vendor's permit not sufficient deprivation of liberty to allow for habeas corpus relief); *Shenandoah v. U.S. Dept. of Interior*, 159 F.3d 708, 713-14 (2nd Cir. 1998) (suspension of employment and restrictions on speech did not support habeas corpus jurisdiction). Rather, Petitioners challenge Uintah County's governmental authority over a road. (Tr. 17-18.) Petitioners have not shown that they are in custody or under a threat of custody, and thus are not "detained."

## **CONCLUSION**

Because Petitioners have not shown they are "detained," Petitioners have not demonstrated that this court has jurisdiction under 25 U.S.C. § 1303. As a result, **IT IS HEREBY ORDERED** that Respondents' motion to dismiss be **GRANTED** and that this case be **DISMISSED** for lack of subject matter jurisdiction.

DATED this 16th day of November, 2011.

BY THE COURT:

_____
SAMUEL ALBA
United States Magistrate Judge